**In the Matter of Richard R.
RETTIG, Debtor.**

**Patrick SCANLON, Trustee, Plaintiff,**

v.

**NORTHEAST LOAN SYSTEMS,
INC., Defendant.**

Bankruptcy No. 82–201.
Adv. No. 82–112.

United States Bankruptcy Court,
D. Delaware.

Aug. 10, 1983.

Patrick Scanlon, Dover, Del., Trustee.

Paul H. Spiller, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

At the time of bankruptcy, defendant, Northeast Loan Systems, Inc., held a perfected security interest in the debtor's automobile. Three days after he filed his petition, the debtor turned over the automobile to Northeast who sold it for $4,000. The Trustee seeks these funds for the bankruptcy estate on the basis that debtor's transfer of the security interest is avoidable as a preferential transfer under 11 U.S.C. § 547(b). Northeast does not dispute that the transfer is not excepted from the Trustee's avoiding powers under subsection (c)(3) because its lien was not perfected within 10 days after the security interest attached. However, Northeast contends that the concept of an equitable lien should arise in its favor. Shortly before trial, the parties' request that the matter be considered on stipulated facts and briefing was granted.

Northeast had loaned the debtor the money to buy the automobile on February 11, 1982. Loan papers and a notarized application for certificate of title noting the lien were signed at that time. The debtor requested and because he had been a previous customer was given the loan proceeds upon the understanding that the title would issue on February 18 without the lien being noted. It was further understood that as soon as practicable Northeast's lien would be recorded. Northeast sent the appropriate documents for recording its lien to the Division of Motor Vehicles on March 5. The certificate of title noting Northeast's lien issued March 11.

On the one hand, Northeast argues that it was an uncooperative recalcitrant debtor who prevented it from perfecting its lien within the ten days after the security interest attached. This behavior together with the debtor's voluntary filing of a bankruptcy petition on May 21, bringing the perfection within the 90 days preceding bankruptcy, was intended to defeat Northeast's right as a secured creditor.

On the other hand, Northeast appears to be saying that since both it and the debtor intended the automobile as security for the loan, it would be inequitable for the Trustee to recover the $4,000 for the benefit of unsecured creditors.

Thus, Northeast contends that the lien should be deemed to have been perfected within the grace period so that it is entitled to the proceeds of sale of its collateral.

The application of the equitable lien doctrine is appropriate only if the creditor has done everything within its power to perfect its lien but is prevented from doing

so as the result of debtor's improper behavior. *Metal Cleaning & Processing, Inc., et al. v. Standard Havens, Inc.,* D.Del., BK–77–49 (1978); *In re Trim-Lean Meat Products,* 10 B.R. 333 (D.C.Del.1981).

Not only did Northeast take no steps to speed up the lien recording process, it expressly agreed to delay recording its lien. Its only instruction to the debtor, made the day it gave the loan proceeds to him, was that the lien be recorded "as soon as practicable." It was not concerned about the lapse of time between February 18 and March 5 when it mailed debtor's title and other documents to the Division of Motor Vehicles thereby adding another six days before its lien was recorded. Nor did it show that debtor's timing in filing his petition was a deliberate act to defeat Northeast's rights as a secured party. Debtor's turnover of the automobile to Northeast negates that assertion.

The purpose of a Trustee's avoiding power is to recapture a debtor's assets to facilitate equality of distribution among all of the debtor's creditors. A creditor during the slide into bankruptcy may have received a benefit to the detriment of other creditors by overzealous action on his part or favoritism on the part of the debtor. To permit this would result in unfair treatment of the other creditors. But not all transfers are of a kind that should be subject to avoidance so specific exceptions to the Trustee's powers were promulgated. One of these exceptions was designed to protect the lender in an enabling loan situation such as the transaction between Northeast and debtor. If that creditor fails to satisfy the exception requirements as did Northeast, the unsecured creditors reap a "windfall". That result may seem harsh but is what was intended by the drafters of the Code. The Trustee must prevail.